IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

<pre>
Bruce Michael Broaddus,            )
                                   )   2:10-cv-02856-GEB-DAD
          Plaintiff,               )
                                   )
     v.                            )   ORDER TO SHOW CAUSE AND
                                   )   CONTINUING STATUS (PRETRIAL
Dennis Bunting; Azniv Darbinian;   )   SCHEDULING) ORDER
Romona M. Margherio; Solano        )
County Office of County Counsel;   )
and DOES 1-20 inclusive,           )
                                   )
          Defendants.              )
_____   )
</pre>

The October 22, 2010, Order Setting Status (Pretrial Scheduling) Conference ("October 22 Order") scheduled a status conference in this case on March 14, 2011, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The parties did not file a Joint Status Report until March 4, 2011. (ECF No. 13.)

Therefore, the parties are Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on March 28, 2011, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether the parties or their counsel are at fault, and whether a hearing is

requested on the OSC.[1]  If a hearing is requested, it will be held on April 11, 2011, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A further joint status report shall be filed no later than fourteen (14) days prior to the status conference.

        IT IS SO ORDERED.

Dated:  March 7, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2