IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRUCE MICHAEL BROADDUS,           )
                                  )        2:10-cv-02856-GEB-DAD
               Plaintiff,         )
                                  )
          v.                      )        ORDER STAYING ACTION
                                  )
DENNIS BUNTING; AZNIV DARBINIAN;  )
ROMONA M. MARGHERIO; SOLANO       )
COUNTY OFFICE OF COUNTY COUNSEL;  )
and DOES 1-20 inclusive,          )
                                  )
               Defendants.        )
_____  )

Defendants move for dismissal of this federal civil damages action based on the following arguments: Plaintiff's constitutional claims are not ripe, fail to state actionable claims, and are barred by various abstention doctrines. Plaintiff opposes the motion, but argues this action should be stayed under the abstention doctrine promulgated in Younger v. Harris, 401 U.S. 37 (1971).

Plaintiff alleges in this federal action that his constitutional rights to effective assistance of counsel and a fair trial were violated in the state court criminal prosecution currently pending in the Superior Court of California in Solano County. Under Younger, a federal court must abstain from involvement in pending state criminal proceedings out of deference to the integrity of the state judicial process, "absen[t] [a showing] of . . . factors necessary under equitable principles to justify federal intervention." Id. at 54. No such showing has been made in this action.

Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity,

and federalism. We must abstain under <u>Younger</u> if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so . . . .

<u>San Jose Silicon Valley Chamber of Commerce Political Action v. City of San Jose</u>, 546 F.3d 1087, 1091-92 (9th Cir. 2008) (internal citations omitted).

<u>Younger</u> abstention applies here since determination of Plaintiff's constitutional claims in this federal civil damages action could "frustrate the state's interest in administering its [criminal] judicial system, cast a negative light on the state court's ability to enforce constitutional principles, and put the federal court in the position of prematurely or unnecessarily deciding a question of federal constitutional law." <u>Gilbertson v. Albright</u>, 381 F.3d 965, 980 (9th Cir. 2004) (en banc). However, <u>Younger</u> abstention does not result in dismissal of this federal civil damages action since the Ninth Circuit held in <u>Gilbertson</u>: "where damages are at issue[,] . . . damages actions should be stayed until the state proceedings are completed." <u>Id.</u> at 968.

Therefore, Defendants' dismissal motion is denied, and this action is stayed under the <u>Younger</u> abstention doctrine. Further, the parties shall file a status report in this federal action after the state court criminal prosecution currently pending in the Superior Court of California in Solano County is completed.

Dated:  March 22, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28